[No. 3820.]

## DEGGE v. CARSTARPHEN ELECTRIC COMPANY.

1. APPEALS—*Party Bound by Position Assumed Below.* A party is concluded by the interpretation which in the court below he places upon his adversary's pleading. Plaintiff's reply first admitted the allegations of the answer, but in a subsequent passage traversed a material allegation thereof. During the trial the attention of the court was not called to this admission, and the cause was tried throughout without reference to it, and as if the record showed no admission. *Held* the admission should be disregarded on appeal. (565, 566.)

2. —— *Finding on Sufficient Evidence,* though conflicting, will not be reviewed. (566.)

3. —— *Harmless Error.* Complaint for goods sold, in two counts, the first alleging a promise to pay the reasonable value, the second to pay a specified sum. The second count was clearly proven and, in effect, admitted. *Held* the denial, of a motion to require plaintiff to elect between the counts was harmless. (566.)

*Appeal from Denver County Court.* HON. GEORGE W. DUNN,
Judge.

MR. O. A. ERDMAN, for appellant.

MR. RICE W. MEANS and MR. BERNARD J. FORD, both
for appellee.

MORGAN, J.

The defendant appeals from a judgment against him
for $632.60, entered in the Denver County Court on a com-
plaint filed October 5, 1910, which contained two causes of
action for goods sold and delivered: The first, upon a prom-
ise to pay the reasonable value thereof; and, the second,
upon a promise to pay a specified amount. The defendant
denied both causes of action, by general denial, and, for a
third defense, pleaded that the goods sold consisted in part
of a certain electric automobile and that the sale was "upon
condition that the said vehicle should prove to be in a mer-
chantable condition, with a storage battery of standard
capacity, that is to say, a capacity sufficient to propel said
vehicle a distance of 50 miles or more with each full charge
of electricity;" and, pleading further, that the plaintiff
shipped the vehicle to the defendant "equipped with a stor-
age battery which the said plaintiff represented to be of
standard capacity with power sufficient to propel the said
automobile a distance of 50 miles or more on ordinary
roads," following with an allegation that the said storage
battery was not of standard capacity, was not capable of
propelling the said vehicle more than 27 miles on ordinary
roads with one full charge of electricity, and then alleging
that the defendant offered to return the said vehicle in as
good condition as it was received and that the plaintiff re-
fused to accept such offer. The plaintiff replied, admitting
the allegation of paragraph 3, which contained the first con-

dition set forth, but further on in the replication alleging that the vehicle was the same as represented, and denying that it represented that the vehicle contained "a storage battery of standard capacity with sufficient power to propel said automobile a distance of 50 miles or more on ordinary roads with each full charge of electricity," then denying new matter not already admitted. On these pleadings the case was tried by the court, without a jury; and on the trial the defendant moved the court to compel the plaintiff to elect upon which cause of action it would stand, which motion was denied. The court, after hearing the testimony, found for the plaintiff, and also found that the sale was absolute and not upon any condition such as the defendant alleged. The appellant in his brief discusses the errors assigned under three questions: (1) Was the sale absolute or conditional? (2) If conditional, were the conditions met? (3) Did the court err in declining to require the plaintiff to elect?

The principal question to be determined is whether the court was justified in finding from the evidence that the sale was absolute, and whether this court will disturb such finding if based upon conflicting testimony.

[1] The defendant contends that the plaintiff admitted in its replication that the sale was conditional by admitting the allegations of paragraph 3, and it so appears; however, the case was tried throughout and the judgment rendered, as though it had been denied, without calling the court's atention to this admission; no allusion to it is made in the motion for a new trial, and the evidence of the defendant quite clearly shows that he did not rely upon such admission, as he attempted to prove that the sale was conditional.

Where a case is tried by the parties as though a special plea is denied, and no offer is made to rely upon an admission thereof, and it is contended by the one making the admission that it was inadvertently made and was not intend-

ed to be such, the admission should be disregarded on appeal, especially when the replication, as in this case, thereafter denies a similar plea.

[2]    This apparent admission being thus disposed of, and the evidence examined, it appears that the testimony is quite conflicting as to whether the sale was upon the condition pleaded.    The plaintiff testified that the automobile was sold upon a guaranty that the battery would run 6,000 miles, and that no guaranty, or representation, was made that it would run 50 miles on one charge of electricity. The defendant testified that there was a guaranty that the automobile would run 50 miles on ordinary roads, on one charge of electricity.    Under the established rule, with this conflict in the testimony, the finding of the lower court on this issue will not be disturbed.

Having concluded that the judgment of the lower court should not be disturbed in the finding that the sale was not conditional, it is unnecessary to discuss the second contention of appellant.

[3]    While the court might have required the plaintiff to elect between the two causes of action, yet, as the trial was before the court without a jury, the defendant was not prejudiced in any way by the failure of the court to enter an order requiring the plaintiff to so elect.  The evidence disclosed quite clearly that there was no dispute as to the value agreed upon and the promise of the defendant to pay the same.    The court, in view of the evidence, could have eliminated, and it may be assumed it did eliminate, from its mind the first cause of action, and entered the judgment upon the second cause of action.

*The judgment of the lower court is affirmed.*